IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01676-BNB

FRANK VIGIL, JR.,

    Plaintiff,

v.

SUSAN J. JONES - C.S.P. Warden,
M N. MCCORNICK #5662 - H.S.M. Supervisor,
M. HILDEBRANDT #2307 - Programs Manager,
ANTHONY A. DECESARO - Grievance Officer,
DARRYL PROFFIT - Faith & Citizen's Program's Regional Coordinator, and
COLORADO DEPARTMENT OF CORRECTIONS (C.D.O.C.),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Frank Vigil, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Vigil filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) and the Religious Land Use and Institutionalized Persons Act of 2000. He alleges that his constitutional rights have been violated. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has paid an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Vigil is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vigil will be ordered to file an amended complaint.

Mr. Vigil alleges that his right to the free exercise of his religion, i.e., Judaeo-Christianity, is being violated. However, he is suing an improper party. Mr. Vigil may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Mr. Vigil also fails to assert personal participation by each named defendant in the alleged constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Vigil must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC executive director, Aristedes Zavaras, or Kevin

Milyard, warden of the Sterling Correctional Facility, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Vigil may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Vigil uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint Mr. Vigil will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Vigil to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Vigil, therefore, will be directed to file an amended complaint that sues the proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Frank Vigil, Jr., file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Vigil, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Vigil fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 4, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01676-BNB

Frank Vigil, Jr.
Prisoner No. 96232
Centennial Corr. Facility
P.O. Box 600
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/4/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk