IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

    Plaintiff,

v.

SUSAN J. JONES, C.S.P. Warden,
M. N. MCCORMICK, #5662, H.S.M. Supervisor,
M. HILDEBRAND, #2307, Programs Manager,
ANTHONY A. DECESARO, Grievance Officer,
DARRYL PROFFIT, Faith & Citizen's Programs Regional Coordinator, and
COLORADO DEPARTMENT OF CORRECTIONS (C.D.O.C.),

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 54] filed on August 9, 2010. United States Magistrate Judge Kristen L. Mix recommends that defendants' motion to dismiss plaintiff's complaint in part [Docket No. 32] be granted. Plaintiff filed a timely objection to the Recommendation on August 23, 2010, only objecting "in part" to the Recommendation. *See* Docket No. 55 at 1. The Court, therefore, subjects to *de novo* review those aspects of the Recommendation to which plaintiff has objected, *see* Fed. R. Civ. P. 72(b), and will construe the plaintiff's pleadings liberally in light of his status as a pro se plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Plaintiff alleges in his Amended Complaint [Docket No. 9] that defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons

Act ("RLUIPA"), 42 U.S.C. § 2000cc to 2000cc-5, by not permitting him to practice his religion of "Judeo-Christianity." Plaintiff also alleges that defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by permitting other inmates to practice their religions while preventing him from doing so.

Magistrate Judge Mix correctly concluded that the Court lacks subject matter jurisdiction over claims that "are asserted against the CDOC and Defendants in their official capacities for monetary damages." Docket No. 54 at 8. Plaintiff essentially concedes this to be true. *See* Docket No. 55 at 2. Plaintiff objects, however, to the recommendation that his claim for injunctive relief under the RLUIPA be dismissed without prejudice for failure to adequately allege a viable claim.[1] The RLUIPA provides that

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling governmental interest; and

---

[1]Defendants filed their motion to dismiss in part pursuant to Fed. R. Civ. P. 12(b)(1) and (6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

(2) is the least restrictive means of furthering the compelling governmental interest.

42 U.S.C. § 2000cc-1(a). To proceed with his RLUIPA claim, plaintiff must adequately allege facts that demonstrate that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010).

Magistrate Judge Mix found that plaintiff's allegations satisfied the first element. Plaintiff objects, however, to the Recommendation's conclusion (1) that there is a "lack of allegations demonstrating the sincerity of Plaintiff's alleged beliefs,"[2] Docket No. 54 at 11, and (2) that plaintiff failed to adequately allege the existence of a substantial burden on his ability to practice his religion. The Court does not address the Recommendation's "doubts about the sufficiency of Plaintiff's allegations regarding a sincerely-held belief in 'Judeo-Christianity,'" Docket No. 54 at 12,[3] because the Court concurs with the Recommendation's conclusion regarding the "substantial burden" element of plaintiff's prima facie RLUIPA claim.

A plaintiff's ability to freely exercise his religion can be substantially burdened if

---

[2]In objecting to the conclusion that he inadequately alleged a sincerely held belief, plaintiff points out that he included allegations to that effect in his initial filings and implies that he omitted those allegations from the operative complaint in error. Because the Court will dismiss his claim without prejudice on different grounds, there is no need to address whether his filings, as presented to the Court, adequately allege a sincerely held belief.

[3]*Cf. Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007) (noting, in a First Amendment case, that "summary dismissal on the sincerity prong is appropriate only in the 'very rare case[]'") (citation omitted, alteration in original).

3

defendants "prevent[ed] participation in conduct motivated by a sincerely held religious belief." *Abdulhaseeb*, 600 F.3d at 1315. To constitute a substantial burden, "'[t]he practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion.'" *Abdulhaseeb*, 600 F.3d at 1316 (quoting *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 332 (5th Cir. 2009)). As the Fifth Circuit in *Sossamon* put it, a "burden is substantial if 'it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs.'" *Sossamon*, 560 F.3d at 332 (emphasis, footnote, and citation omitted). "A burden is not substantial if 'it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed.'" *Id.*

Here, plaintiff, who is a prison inmate, has requested the recognition of the religion of "Judeo-Christianity." He filed a Religion Recognition Form in November 2007 requesting that he be classified as a "Judeo-Christian" and that he be permitted to participate in Jewish and Christian religious observances. The CDOC did not recognize "Judeo-Christianity" as an official faith. On January 29, 2008, plaintiff was notified that he had been classified as Protestant. Plaintiff alleges that, because the defendants have not recognized his religion, he could not attend certain religious services not designated as "Protestant" during 2008 and 2009.[4] Plaintiff, however, has failed to

---

[4]Plaintiff alleges that, "on at least seventeen (17) occasions . . . [he] has done everything in his power to practice [and to be] allowed to practice his faith of Jud[]eo-Christianity." Docket No. 9 at 5. Most of those occasions, it appears, refer to his complaints and grievances regarding the denial of his applications to have his religion recognized. The Recommendation notes that plaintiff "has specified only four services," Tanis Esther, Passover Seder, Communion, and Tammuz, that he missed. Docket No.

4

allege what role each of these services play in the exercise of his religion of "Judeo-Christianity" and how, if at all, his inability to attend them substantially burdened his ability to practice his religion. While he need not necessarily allege that these observances are central to or required by his religious belief,[5] he must allege, at a minimum, how missing those particular services substantially burdened his practice of religion. That is not to say that there is any threshold number of services that one must be prevented from attending to establish a substantial burden. Plaintiff must, however, allege what it is about the particular service or services that is "important to his free exercise of religion," such that being prevented from attending constitutes a "substantial burden" on that right.[6] *Abdulhaseeb*, 600 F.3d at 1316 (quoting *Sossamon*, 560 F.3d at 332).

Plaintiff also alleges that the individual defendants violated his First Amendment rights by not recognizing his religion and by preventing him from participating in the aforementioned religious observances.[7] Plaintiff alleges that defendants McCormick,

---

54 at 14 & n.11. The Court also notes that plaintiff alleges that he was denied the right to participated "in Communion for 2009." Docket No. 9 at 7. He references only one instance of missing Communion, however, in April 2009. *See* Docket No. 9 at 7.

[5]*Cf. Kay v. Bemis*, 500 F.3d at 1220 (noting, in a First Amendment case, that while certain "other circuits require that a prison regulation must interfere with a tenet or belief that is 'central' or mandated by religious doctrine before a prisoner may state a claim under § 1983," the "Tenth Circuit does not follow such a rule").

[6]As Magistrate Judge Mix noted, defendants did not seek dismissal of plaintiff's RLUIPA claim against defendant Proffit. The Court shares the Recommendation's conclusion that plaintiff's RLUIPA claim against defendant Proffit must nevertheless be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[7]Although the First Amendment applies to state actors by way of incorporation into the due process clause of the Fourteenth Amendment, the Court will, for ease of

5

Hildebrand and DeCesaro violated his First Amendment rights by denying grievances he filed in which he complained of the violation of his First Amendment rights. *See* Docket No. 9 at 7. Magistrate Judge Mix concluded that plaintiff's claims arising out of the processing of these grievances must be dismissed. The Court agrees. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing, *inter alia*, *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) ("[Plaintiff] failed to state First Amendment claims relating to his grievances . . . because defendants' denial of his grievances did not state a substantive constitutional claim."). Finally, the Court concurs with the Recommendation's finding that, "[b]eyond denying his interfacility mail/kites, there are no allegations that [defendant] Jones personally participated in the denial of Plaintiff's First Amendment rights or that she failed to supervise those who allegedly violated Plaintiff's rights." Docket No. 54 at 18; *see Gallagher*, 587 F.3d at 1069 ("Supervisory status alone does not create § 1983 liability.").

These various denials arose out of preexisting alleged violations of plaintiff's First Amendment rights, namely, defendant Proffit's denial of his Faith Group Applications, resulting in plaintiff's religion of "Judeo-Christianity" not being recognized and the denial of his requests to attend non-Protestant religious observances. While noting that "[d]efendants did not move for dismissal of Plaintiff's First Amendment claim against Defendant Proffit," the Recommendation concludes that the allegations that defendant Proffit denied plaintiff's Faith Group Applications on March 9, 2008 and June 27, 2008 are also insufficient to state a First Amendment claim. Docket No. 54 at 18 n.13 (citing

---

reference, refer only to the First Amendment.

28 U.S.C. § 1915(e)(2)(B)(ii) (providing, in *in forma pauperis* cases, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted") and 42 U.S.C. § 1997e(c)(1)). The Court need not determine whether such denials are sufficient, on their own, to allege an affirmative link between defendant Proffit and the alleged First Amendment violation. Nor must the Court resolve whether plaintiff's allegations that defendant McCormick denied his requests to take part in certain services and failed to respond to correspondence, *see* Docket No. 9 at 7, support his First Amendment claim. Even assuming the denials were sufficient in that regard, plaintiff has failed, as noted above, to "adequately allege that the defendants 'substantially burdened [his] sincerely-held religious beliefs,'" which he must do in order to proceed on his First Amendment claim. *Gallagher*, 587 F.3d at 1069 (quoting *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)) (alteration in *Gallagher*); *cf. Abdulhaseeb*, 600 F.3d at 1313 n.5 (noting that the Tenth Circuit "has recognized that . . . First Amendment precedent provides guidance in interpreting RLUIPA").

Finally, in Count Two of his amended complaint, plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. Count Two is little more than a reassertion of his RLUIPA and First Amendment claims. "'In order to assert a viable equal protection claim, plaintiff[] must first make a threshold showing that [he was] treated differently from others who were similarly situated to [him],'" *Garcia v. Shanks*, 221 F.3d 1351 (table), 2000 WL 1034630, at *3 (10th Cir. July 27, 2000) (quoting *Campbell v. Buckley*, 203 F.3d 738, 747 (10th Cir. 2000) (footnotes, quotations, and

7

ellipses omitted)), and that such disparate treatment "can be traced to a discriminatory purpose." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 272 (1979). Here, while plaintiff alleges that he "has not been allowed to practice his faith" while others have been allowed to practice theirs, Docket No. 9 at 10, he fails to allege facts indicating that defendants' conduct was animated by a discriminatory purpose. Plaintiff must also allege facts showing defendants "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Feeney*, 442 U.S. at 279; *cf. McAlister v. Livingston*, 348 F. App'x 923, 938 (5th Cir. 2009) (unpublished) (finding in the summary judgment context that plaintiff had "raised a fact issue as to unequal treatment" but had failed to show that a defendant "chose its course of action" based on a discriminatory intent).[8] His amended complaint lacks any such allegations.

Therefore, it is

**ORDERED** that, for the reasons stated above, the Recommendation of United States Magistrate Judge [Docket No. 54] that defendants' motion to dismiss in part [Docket No. 32] be granted is ACCEPTED. It is further

**ORDERED** that defendants' motion to dismiss in part [Docket No. 32] is GRANTED. It is further

---

[8]The Court notes that defendants Jones, Hildebrand, McCormick, and DeCesaro also assert the defense of qualified immunity. Because the Court finds that plaintiff fails to adequately allege a violation of his rights, there is, as the Recommendation found, "no necessity for further inquiries regarding qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Similarly, the Court need not reach defendants' argument regarding the Prison Litigation Reform Act's physical injury requirement. *See* Docket No. 32 at 9; *see* 42 U.S.C. § 1997e(e).

**ORDERED** that plaintiff's claims against the CDOC and the other defendants in their official capacities for money damages are dismissed with prejudice. It is further

**ORDERED** that plaintiff's claim for injunctive relief alleging violation of the RLUIPA is dismissed without prejudice. It is further

**ORDERED** that plaintiff's claim for injunctive relief alleging violation of the First Amendment is dismissed without prejudice. It is further

**ORDERED** that plaintiff's claim for injunctive relief alleging violation of the Equal Protection Clause of the Fourteenth Amendment is dismissed without prejudice. It is further

**ORDERED** that on or before **Monday, October 11, 2010**, plaintiff may file an amended complaint to reassert any claims dismissed without prejudice. If plaintiff fails to file a timely amended complaint, the case will be closed and judgment shall enter in favor of defendants without further notice to the parties.

DATED September 13, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge