IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (C.D.O.C.),

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's motion for reconsideration [Docket No. 60] of the Court's September 13, 2010 order [Docket No. 57] granting defendants' motion to dismiss in part [Docket No. 32].

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995); *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment. . . . In such a case, the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b).") (quotations and citations omitted).

Where, as here, a party seeks reconsideration of a non-final order, that motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice

requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). However, "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *United Fire & Cas. Co.*, 2010 WL 420046 at *3. Although courts in this district have applied different standards, *see id.* (noting cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard), the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion . . . Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. " *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff argues that because the Court dismissed some claims without prejudice, it was required to dismiss all claims without prejudice. While there is no such legal rule,

plaintiff is correct that his claims against the Colorado Department of Corrections ("CDOC") and other defendants in their official capacities for money damages should have been dismissed without prejudice. *See Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect."). Plaintiff, however, has not identified any other valid basis for reconsideration of the Court's September 13, 2009 order. Therefore, it is

**ORDERED** that plaintiff's motion for reconsideration [Docket No. 60] is GRANTED in part. It is further

**ORDERED** that the portion of the Court's September 13, 2010 Order [Docket No. 57] dismissing with prejudice plaintiff's claims against the CDOC and the other defendants in their official capacities for money damages is vacated. It is further

**ORDERED** that plaintiff's claims against the CDOC and the other defendants in their official capacities for money damages are dismissed without prejudice.

DATED April 20, 2011.

               BY THE COURT:

               s/Philip A. Brimmer
               PHILIP A. BRIMMER
               United States District Judge