IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (C.D.O.C.),

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [Docket No. 78; Filed May 6, 2011] (the "Motion").[1] On September 13, 2010, District Judge Phillip A. Brimmer ordered that Plaintiff's "claims against the CDOC and the other defendants in their official capacities for money damages are dismissed with prejudice." *Order* [Docket No. 57] at 9. Judge Brimmer also dismissed some of Plaintiff's claims without prejudice. *Id.* With respect to these claims, Judge Brimmer granted Plaintiff one month to reassert them in an amended complaint. *Id.* On April 20, 2011, Judge Brimmer modified his dismissal Order [#57]: "the portion of [the] Order dismissing with prejudice Plaintiff's claims against the CDOC and the other defendants in their official capacities for money damages

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unreported decision) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, for the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation to District Judge Phillip A. Brimmer.

is vacated." *Order* [Docket No. 76] at 3. Judge Brimmer ordered that "Plaintiff's claims against the CDOC and the other defendants in their official capacities for money damages are dismissed *without* prejudice." *Id.* (emphasis added).

Because of Judge Brimmer's modification to the dismissal Order, Plaintiff now seeks leave to amend his operative pleading, the Second Amended Complaint [Docket No. 61], to reassert his claims for money damages against Defendants Jones and McCormick in their official capacities. In his Amended Complaint [Docket No. 9], filed on September 23, 2009, Plaintiff asserted two claims for money damages:

> (1) a claim for money damages under 42 U.S.C. § 1983 against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit **in their individual capacities** to compensate for alleged violations of the First and Fourteenth Amendments; and
>
> (2) a claim for money damages against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit **in their official capacities** to compensate for alleged violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*

Plaintiff did not assert a claim for money damages against the Colorado Department of Corrections ("CDOC"). *Amended Complaint* [#9] at 14 ("From CDOC, only permanent injunctive relief, no monetary damages.").

On August 9, 2010, this Court found that Plaintiff failed to allege a violation of the First and Fourteenth Amendment by Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit. *Recommendation* [Docket No. 54] at 18 ("Plaintiff has failed to allege each Defendants' personal participation in the First Amendment claim."); *id.* at 19 ("Plaintiff's claims are conclusory generalizations that Defendants violated his rights in relation to other inmates. . . . Plaintiff has not pled specific facts to sustain a [Fourteenth Amendment] claim that Defendants acted with purposeful discrimination[.]"). Accordingly,

the Court recommended that the 42 U.S.C. § 1983 claim for money damages be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 21.

The Court also found that it did not have subject-matter jurisdiction over Plaintiff's RLUIPA claim for money damages. *Id.* at 8-9. Accordingly, the Court recommended that the RLUIPA claim for money damages be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* at 21.

On September 13, 2010, Judge Brimmer adopted this Court's Recommendation and ordered that "Plaintiff's claims against the CDOC and the other Defendants in their official capacities for money damages are dismissed with prejudice."[2] *Order* [#57] at 9. Thus, Plaintiff's RLUIPA claim for money damages against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit **in their official capacities** was dismissed with prejudice.

Judge Brimmer did not expressly address Plaintiff's claim for money damages under 42 U.S.C. § 1983 against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit **in their individual capacities**. *See id.* at 8-9. However, because Judge Brimmer stated that this Court's Recommendation [#54] was accepted, *id.* at 8, the Court infers that Judge Brimmer meant to dismiss Plaintiff's 42 U.S.C. § 1983 against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit **in their individual capacities** with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *See Recommendation* [#54] at 21; *see generally Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992)

---

[2] The Court notes that Plaintiff did not assert a claim against CDOC for money damages. *Amended Complaint* [#9] at 14. Thus, the Court construes Judge Brimmer's order to relate only to Plaintiff's RLUIPA claim against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit in their official capacities.

(stating that the dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial"); *Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. Sept. 9, 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice).

On April 20, 2011, Judge Brimmer modified his September 13, 2010 Order [#57] to state that "Plaintiff's claims against the CDOC and the other defendants *in their official capacities* for money damages are dismissed *without* prejudice."  Order [#76] at 3 (emphasis added) (citing *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect.")); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").  Accordingly, Plaintiff's RLUIPA claim for money damages against Defendants Jones, McCormick, Hildebrand, DeCesaro, and Proffit **in their official capacities** was dismissed without prejudice. Because the claim was dismissed without prejudice, Plaintiff now seeks to reassert it against Defendants Jones and McCormick.  Accordingly, Plaintiff seeks leave to amend his Second Amended Complaint [#61] to add a RLUIPA claim for money damages against Defendants Jones and McCormick in their official capacities.

The Court has discretion to grant a party leave to amend its pleadings.  *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Because the Court did not establish a pleading amendment deadline in this case, Plaintiff's Motion [#78] is deemed to be timely. Moreover, even if the Motion was untimely, Judge Brimmer's Order [#76] modifying the terms of the dismissal of Plaintiff's RLUIPA claim would constitute good cause for the untimeliness.[3] *See Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011) (unreported decision) (explaining that when a plaintiff files a motion for leave to amend his complaint after the deadline for amending the pleadings, "the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b), [and] then evaluating whether [the plaintiff] has satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)").

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). In this case, the Court finds that Plaintiff's proposed amendment, i.e., the

---

[3] The Court notes that while the Motion is technically timely, timeliness alone is insufficient to establish that allowing amendment is appropriate at this stage of the proceedings. *See generally Herrera v. Zavares, et al.*, No. 09-cv-01229-MSK-KLM, Docket No. 64 at 26-27 (D. Colo. Sept. 28, 2010) (Opinion and Order Granting, In Part, Motion to Dismiss) (explaining that attempting to reassert claims against a defendant who was dismissed from a case becomes inappropriate after too much time has passed: "[Plaintiff]'s request that he now be permitted to get [Defendant] onto the train, so to speak, simply comes too late – the train is too far down the track at this point.").

addition of a RLUIPA claim for money damages against Defendants Jones and McCormick in their official capacities, is futile. Although Plaintiff's original RLUIPA claim for money damages against these Defendants was dismissed without prejudice, the "without prejudice" suffix has misled Plaintiff. Simply put, Plaintiff's RLUIPA claim for money damages against Defendants Jones and McCormick in their official capacities cannot be successfully reasserted unless there is a change in the law or a waiver of sovereign immunity. *See Garman*, 630 F.3d at 985-86 (explaining that when a plaintiff's claims are barred by the statute of limitations it does not matter whether a district court dismisses the claims with or without prejudice because "failure to timely file is fatal" and the claims are "forever barred" even if they are technically dismissed without prejudice). As explained in the Court's Recommendation, Defendants Jones and McCormick are immune from RLUIPA claims for money damages against them in their official capacities. *See Recommendation* [#54] at 8 (explaining that Defendants Jones and McCormick are entitled to sovereign immunity from RLUIPA claims for money damages). Until this immunity is removed by a change in the law or waived by the State of Colorado, the Court cannot gain subject-matter jurisdiction over Plaintiff's RLUIPA claim for money damages. It would be senseless for the Court to permit Plaintiff to amend his operative pleading to add a claim over which the Court does not have jurisdiction. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion [#78] be **DENIED**.

    Dated: May 11, 2011

BY THE COURT:

    s/ Kristen L. Mix
United States Magistrate Judge