IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (C.D.O.C.),

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 80] filed on May 11, 2011. The magistrate judge recommends that the Court deny plaintiff's motion to amend his complaint [Docket No. 78]. Plaintiff filed timely objections [Docket No. 85] to the Recommendation. The Court, therefore, will "determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), and, when doing so, will review plaintiff's filings liberally in light of his pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On September 13, 2010, the Court, *inter alia*, dismissed with prejudice plaintiff's claims against defendant Colorado Department of Corrections ("CDOC") and other defendants in their official capacities for money damages for lack of subject matter jurisdiction. *See* Docket No. 57 at 9. However, on April 20, 2011, the Court vacated that portion of the September 13 Order and ordered that plaintiff's claims against the

CDOC and the other defendants in their official capacities for money damages be dismissed without prejudice.  *See* Docket No. 76 at 3; *see also Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect.").

In his motion to amend the complaint, plaintiff seeks to make only one amendment, namely, to reassert claims against former defendants Susan J. Jones and M.N. McCormick in their official capacities for money damages.  *See* Docket No. 78 at 2; *see also* Docket No. 85 at 2.  The Eleventh Amendment bars the Court from exercising subject matter jurisdiction over claims for retroactive money damages against defendants in their official capacities.  *See Henderson v. Jones*, 378 F. App'x 808, 809 (10th Cir. 2010); *see also Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).[1]  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be

---

[1]Plaintiff alleged violations of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5.  "Several circuit courts have held, under the principles of sovereign (Eleventh Amendment) immunity, that money damages are not available for official-capacity RLUIPA claims." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311-12 (10th Cir. 2010) (citations omitted).  "Although the Tenth Circuit did not decide [in *Abdulhaseeb*] the issue of Eleventh Amendment immunity from money damages for official-capacity RLUIPA claims, District Courts from this Circuit have concluded that the States are immune from claims for monetary damages under RLUIPA." *Palecek v. Zavaras*, No. 09-cv-01351-ZLW-CBS, 2010 WL 3307489, at *7 (D. Colo. July 1, 2010) (citations omitted); *cf. Jotunbane v. Sedillo*, 2010 WL 1781922, at *4 (D.N.M. April 20, 2010) (concluding that the "RLUIPA does not transform a state's acceptance of federal prison funding into a waiver of its Eleventh-Amendment immunity from suits for money damages.").

futile." *See Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).  Because plaintiff's proposed amendment would be futile, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 80] is ACCEPTED.  It is further

**ORDERED** that plaintiff's motion to amend [Docket No. 78] is DENIED.

DATED October 18, 2011.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge