IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (C.D.O.C.),

    Defendant.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 99] filed on January 24, 2012. The magistrate judge recommends that defendant's motion for summary judgment [Docket No. 89] be denied. Plaintiff filed a document entitled "Objections" on February 6, 2012 [Docket No. 101], but informs the Court therein that he "agrees 100% with . . . [the] Recommendation to deny defendants' 'Motion for Summary Judgment.'" Docket No. 101 at 1. Plaintiff, however, points out a few statements in the Recommendation with which he disagrees. Because none of plaintiff's objections relate to the recommended resolution of the motion or have any apparent impact on future proceedings, the Court concludes that they are moot. Defendant has not filed an objection to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Therefore, the Court will deny defendant's motion for summary judgment [Docket No. 61]

The magistrate judge further recommends that the Court order the parties to show cause why an expert should not be appointed pursuant to Fed. R. Evid. 706(a). Although there is no objection to this aspect of the Recommendation, the Court will defer consideration of whether an expert should be appointed until after the parties have an opportunity to identify the witnesses they intend to call and present their claims and defenses in the final pretrial order.

For the foregoing reasons, it is

**ORDERED** that Recommendation of United States Magistrate Judge [Docket No. 99] is ACCEPTED in part. It is further

**ORDERED** that defendant's motion for summary judgment [Docket No. 89] is DENIED.

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

DATED February 21, 2012.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge