...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

   Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

   Defendant.

## ORDER

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court *sua sponte*.

The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of his case on the list,

a *pro se* plaintiff remains responsible for litigating his case himself.

Plaintiff is incarcerated at the Colorado State Penitentiary, one of the facilities run by Defendant Colorado Department of Corrections. *See Am. Compl.* [#61]. The Court recognizes that Plaintiff initiated this case *pro se* and was granted permission to proceed *in forma pauperis*. *See Motion and Affidavit for Leave to Proceed Under 28 U.S.C. 1915* [#1]; *Order* [#2]. On February 21, 2012, the District Judge adopted the portion of the Recommendation of United States Magistrate Judge [#99] that recommended denying Defendant's Motion for Summary Judgment [#89]. *See Order* [#102]. This matter will thus soon be set for trial.

In consideration of the imminent trial setting, Plaintiff's presumed indigence, and Plaintiff's incarceration status, the Court determines that Plaintiff's case should be placed on the list of cases available for volunteer counsel. Again, **placement on the list frequently does not result in counsel being obtained**. If an attorney does not volunteer to represent Plaintiff, Plaintiff is warned that he must comply with any scheduled Court dates and Court orders. Accordingly,

IT IS HEREBY **ORDERED** that the Clerk of Court is directed to include this matter on the list of *pro se* cases available for volunteer counsel.

DATED: March 1, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge