IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01676-PAB-KLM

FRANK VIGIL, JR.,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER

    This matter is before the Court on defendant's amended motion to dismiss as moot [Docket No. 112]. The motion is fully briefed and ripe for disposition.

    A bench trial is scheduled to commence on August 20, 2012 on plaintiff's claim that, in violation of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc to 2000cc-5, defendant Colorado Department of Corrections ("CDOC") has not permitted him to practice his religion of "Judeo-Christianity." *See* Docket No. 61. Plaintiff seeks a permanent injunction requiring the CDOC to recognize his faith and permit him to attend both Christian and Jewish religious observances.

    In the present motion, the CDOC states that it now recognizes plaintiff's religious faith and will permit him to engage in the specific services he referenced in his pleadings. Furthermore, "to the extent Plaintiff requests to participate in additional Christian or Jewish-based observances, such requests are being accommodated in view of any applicable prison safety and security concerns." Docket No. 112 at 4.

While it is not entirely clear what the CDOC means by "in view of," it is clear that the CDOC is no longer prohibiting plaintiff from participating in certain religious observances due to a failure to recognize his particular faith. *See* Docket No. 112-1 (Machin Aff.).

The CDOC argues that this constitutes "an event occur[ring] while a case is pending that heals the injury," thus requiring that the case be dismissed on mootness grounds. Docket No. 112 at 3 (quoting *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)). However, "'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Rather, defendant must meet a "heavy burden" of showing that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quotations omitted). In this case, the CDOC addresses its current change in conduct and makes assurances regarding the future, but does not provide a basis upon which the Court could conclude that it is "absolutely clear" that the wrongful behavior might not recur. In fact, the CDOC fails to acknowledge that it faces such a burden.

Furthermore, plaintiff denies the alteration in conduct, arguing that he is now only permitted to "partly" practice his faith. Docket No. 115 at 2. Plaintiff also raises the issue of his litigation costs, to which he would likely not be entitled if the case were dismissed as moot, despite the CDOC's concession that it changed its conduct on account of "the clarifications of law provided" during the litigation of the present matter. Docket No. 112 at 4; *see* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,

or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."). By seeking dismissal on mootness grounds, the CDOC would avoid responsibility for such costs. Plaintiff is not permitted to recover its costs merely because his lawsuit was the catalyst for the CDOC's change in conduct. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" of prevailing party status because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties"). However, if the CDOC agreed to be legally bound to the representations contained in its motion to dismiss by, for instance, entering into a "settlement agreement[] enforced through a consent decree," then such a "court-ordered 'change in the legal relationship'" of the parties would not deprive plaintiff of prevailing party status. *Buckhannon*, 532 U.S. at 604 (alterations and citation omitted); *cf. Bell v. Board Of County Comm'rs Of Jefferson County*, 451 F.3d 1097, 1104 (10th Cir. 2006) (rejecting that fee-shifting provision of 42 U.S.C. § 1988 was implicated where the parties' settlement was "neither approved by this court nor implemented in a consent decree or equivalent order").[1]

Under the foregoing circumstances, the Court finds that the CDOC has not met its "heavy burden." Therefore, it is

**ORDERED** that amended motion to dismiss as moot [Docket No. 112] is

---

[1] The *Buckhannon* court was addressing the fee-shifting provision of 42 U.S.C. § 1988, but made clear that "prevailing party" is "a legal term of art." 532 U.S. at 603; *see Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 835-36 (6th Cir. 2005) (applying *Buckhannon* to Rule 54(d)).

DENIED.

DATED July 17, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge